**TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Charles Wayne WILSON, Appellee.**

No. 2–97–351–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 12, 1998.

Rehearing Overruled Dec. 17, 1998.

Office of the Attorney General, Dan Morales, Jorge Vega, Laquita A. Hamilton, Grady Click, Hector J. Flores, Austin, for Appellant.

Wood, Thacker & Weatherly, P.C., R. William Wood, Grace Weatherly, Denton, for Appellee.

Before LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

On March 13, 1995, Charles Wayne Wilson, while in the course and scope of his employment with the Texas Department of Transportation ("TXDOT"), was involved in an automobile accident with Angela King. R. William Wood, Wilson's attorney, filed a negligence action against Ms. King seeking compensation for the injuries that resulted from the collision. Ms. King's insurance company settled the lawsuit on behalf of Ms. King by tendering its policy limits of $75,000. The Attorney General intervened in the action to recover the State of Texas' worker's compensation subrogation lien of $70,679.82. The settlement proceeds were deposited into the registry of the court.

Relying on Texas Labor Code section 417.003, Mr. Wilson sought attorney's fees. The trial court distributed $47,119.88 of the settlement funds to TXDOT, $4,320.18 to Wilson, $2,355.99 as attorney's fees to the Attorney General, and $21,203.95 as attorney's fees to R. William Wood.

On appeal, TXDOT challenges the trial court's order that apportions attorney's fees to Wilson's attorney and contends that the trial court erred by ruling that section 417.003 of the Texas Labor Code permits a private attorney to represent a state agency. TXDOT also asserts that the trial court lacked jurisdiction to apportion attorney's fees in this suit on a quantum meruit theory. Because we find no reversible error, we affirm the trial court's judgment.

## TEXAS LABOR CODE § 417.003

Section 417.003 of the Texas Labor Code governs the apportionment of attorney's fees for representation of an insurance carrier's interest, stating:

(a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the

amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:

(1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and

(2) a proportionate share of expenses.

(b) An attorney who represents the claimant and is also to represent the subrogated insurance carrier shall make a full written disclosure to the claimant before employment as an attorney by the insurance carrier. The claimant must acknowledge the disclosure and consent to the representation. A signed copy of the disclosure shall be furnished to all concerned parties and made a part of the commission file. A copy of the disclosure with the claimant's consent shall be filed with the claimant's pleading before a judgment is entered and approved by the court. The claimant's attorney may not receive a fee under this section to which the attorney is otherwise entitled under an agreement with the insurance carrier unless the attorney complies with the requirements of this subsection.

(c) If an attorney actively representing the insurance carrier's interest actively participates in obtaining a recovery, the court shall award and apportion between the claimant's and the insurance carrier's attorneys a fee payable out of the insurance carrier's subrogation recovery. In apportioning the award, the court shall consider the benefit accruing to the insurance carrier as a result of each attorney's service. The total attorney's fees may not exceed one-third of the insurance carrier's recovery.

(d) For purposes of determining the amount of an attorney's fee under this section, only the amount recovered for benefits, including medical benefits, that have been paid by the insurance carrier may be considered.

TEX. LAB.CODE ANN. § 417.003 (Vernon 1996). The term "insurance carrier" is defined to include "a governmental entity that self-insures, either individually or collectively," such as TXDOT. *See* TEX. LAB.CODE ANN. § 401.011(27)(C) (Vernon 1996).

Section 417.003 governs three situations: subsection (a) applies where the insurance carrier has an attorney but the attorney does not actively participate in the suit; subsection (b) applies where the employee's attorney represents both the employee and the insurance carrier; and subsection (c) applies where the insurance carrier has an attorney who actively represents it and participates in obtaining recovery. *See Hartford Accident & Indem. Co. v. Buckland,* 882 S.W.2d 440, 447 (Tex.App.—Dallas 1994, writ denied); *Twin City Fire Ins. v. Jones,* 834 S.W.2d 114, 117 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *City of Austin v. Janowski,* 825 S.W.2d 786, 788–89 (Tex.App.—Austin 1992, no writ); *Hartford Ins. Co. v. Branton & Mendelsohn, Inc.,* 670 S.W.2d 699, 701 (Tex. App.—San Antonio 1984, no writ); *International Ins. Co. v. Burnett & Ahders, Assoc.,* 601 S.W.2d 199, 201 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.).

■ TXDOT asserts in its first point that the trial court erred by apportioning attorney's fees to Mr. Wood out of the Texas Worker's Compensation lien because only the Attorney General can represent the State, and the Attorney General did not retain Mr. Wood to act on its behalf. TXDOT also insists that to the extent section 417.003 permits a private attorney to represent a state agency, it is unconstitutional as violative of article IV section 22 of the Texas Constitution which grants exclusive authority in the Attorney General to represent the State in civil litigation. *See* TEX. CONST. art. IV, § 22 ("The Attorney General ... shall represent the State in all suits and pleas in Supreme Court ... and perform such other duties as may be required by law."); *see also Agey v. American Liberty Pipe Line Co.,* 141 Tex. 379, 172 S.W.2d 972, 974 (1943); *State ex. rel. Hancock v. Ennis,* 195 S.W.2d 151, 152 (Tex.Civ.App.—San Antonio 1946, writ ref'd n.r.e.).

■ TXDOT's argument assumes that the department was not actively represented by the Attorney General's office during the un-

derlying suit and that the trial court apportioned the attorney fees under section 417.003(a). TXDOT complains that the trial court's ruling effectively allows a private attorney to represent and receive payment from a self-insured government entity without being retained by it or given authorization. *See* Tex. Lab.Code Ann. § 417.003(a). However, the record contains no findings of fact or conclusions of law explaining the trial court's rationale for the apportionment order. The trial court did not file and the State did not request any findings of fact or conclusions of law. Where no findings of fact or conclusions of law are filed or requested, we must imply all necessary findings to support the trial court's judgment, and we will affirm the trial court's judgment if it can be upheld on any legal theory that is supported by the evidence. *See Pharo v. Chambers County,* 922 S.W.2d 945, 948 (Tex.1996); *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

Section 417.003(c) allows a trial court to apportion part of an insurance carrier's subrogation recovery as attorney's fees for the employee's attorney and attorney's fees for the insurance carrier's attorney if the carrier's attorney has actively participated in obtaining the subrogation recovery. We conclude that here, the trial court determined that the Attorney General earned those fees by representing TXDOT's interest in its subrogation claim and that attorney Wood earned his fees while representing Wilson.

Because TXDOT has not established that the trial court's order was premised on attorney Wood's active representation of TXDOT's interest, we decline to consider the State's constitutional challenge to section 417.003. We conclude that the trial court properly apportioned attorney's fees to Mr. Wood pursuant to section 417.003(c) and overrule TXDOT's first point.

TXDOT contends in its second point that the trial court lacked jurisdiction to apportion attorney's fees under a quantum meruit theory because under the common law, the State and its agencies maintain sovereign immunity against lawsuits for monetary damages absent legislative consent which does not exist here. *See Duhart v. State,* 610 S.W.2d 740, 741 (Tex.1980). Mr. Wilson, however, persuasively argues that the trial court properly apportioned the attorney's fees under section 417.003(c) and the legislature consented to that sort of apportionment by defining "insurance carrier" as "a government entity that self-insures, either individually or collectively." *See* Tex. Lab.Code Ann. § 401.011(27). We agree.

Because the appellate record contains no findings of fact and conclusions of law, we will uphold the judgment on any legal theory that finds support in the evidence. *See Pharo,* 922 S.W.2d at 948; *Worford,* 801 S.W.2d at 109; *Point Lookout West, Inc.,* 742 S.W.2d at 278. During the hearing on TXDOT's motion for new trial, the trial judge stated that there is statutory authority under section 417.003 for apportionment of attorney's fees to attorney Wood. The trial judge reasoned that "[t]he State ... in the area of state workers' compensation, ... should be treated as an insurance carrier would be treated since that's the service they are therein performing ...," and also said that "the statutory authority should stand to allow this plaintiff's attorney to collect the fees."

We conclude that the trial court properly apportioned the fees under section 417.003(c) because the legislature defined insurance carrier to include state agencies such as TXDOT. Although the trial judge did comment during the hearing that a quantum meruit theory *should* apply to the apportionment of attorney fees, there are no findings of fact or conclusions of law in the record, and TXDOT has failed to establish that the trial court's order was based on a theory of quantum meruit. We overrule the State's second point.

### CONCLUSION

Because we find no reversible error, we affirm the trial court's judgment apportioning attorney's fees to R. William Wood in the amount of $21,203.95.