UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO, Appellant/Cross–Appellee,

v.

MATA & BORDINI, INC., Appellee/Cross–Appellant.

No. 04–98–00547–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1999.

Rehearing Overruled June 7, 1999.

Joseph A. Pitner, Asst. Atty. Gen., Tort Litigation Division, Austin, for appellant.

Mario P, Bordini, Mata & Bordini, Inc., San Antonio, for appellee.

Before ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

This appeal presents the question of whether a private attorney may recover attorney's fees and expenses of litigation out of a self-insuring governmental entity's workers' compensation subrogation lien. We answer this question in the affirmative and affirm the order of the trial court.

### FACTUAL AND PROCEDURAL HISTORY

In April 1994, while employed by The University of Texas Health Science Center at San Antonio (hereinafter "UTHSC"), Paul Harvey sustained work-related injuries due to the negligence of Overnight Transport Company. UTHSC, a self-insuring governmental entity, paid Harvey workers' compensation benefits totaling $108,739.25. Thereafter, the law firm of Mata & Bordini, Inc. (hereinafter "the law firm") pursued a third-party action against Overnight Transport on behalf of Harvey. The third-party action was filed in state court and later removed to federal court on the basis of diversity jurisdiction. It is undisputed that the law firm, at no time,

purported to represent UTHSC's interest in the third party action, and that despite notification of the third-party action, the Attorney General did not intervene in the lawsuit on behalf of UTHSC to recover UTHSC's statutory subrogation interest. Once in federal court, the parties reached a settlement agreement in the amount of $400,000.00. UTHSC then requested payment of its statutory subrogation lien. In response, the law firm demanded payment of its attorney's fees pursuant to section 417.003 of the Labor Code. UTHSC refused, claiming it was not governed by that provision of the Labor Code.

The law firm filed a declaratory suit to construe portions of the Labor Code, seeking apportionment of fees and expenses out UTHSC's subrogation lien. The parties then filed competing motions for summary judgment, asserting their respective interpretation of the pertinent Labor Code provisions. Both parties also sought attorney's fees under section 37.009 of the Texas Civil Practice & Remedies Code for the prosecution of the declaratory action; the law firm also sought fees pursuant to section 38.001 of the Texas Civil Practice & Remedies Code.[1]

The trial court entered an order granting in part and denying in part the law firm's motion for summary judgment, and granting in part and denying in part UTHSC's motion for summary judgment. Specifically, with respect to the relief sought by the law firm, the trial court declared that section 417.003 was applicable to UTHSC, granted an apportionment of attorney's fees to the law firm out of UTHSC's subrogation interest and a proportionate amount of expenses, but denied the law firm's request for attorney's fees related to prosecution of the declaratory action. UTHSC's motion for summary judgment was denied to the extent the trial court determined that section 417.003 was applicable to UTHSC; its motion was granted to the extent the trial court denied the law firm's request for additional attor-

ney's fees under either the Declaratory Judgment Act or section 38.001 of the Texas Civil Practice and Remedies Code.

Both parties timely perfected appeal from the trial court's order. UTHSC challenges the trial court's award of attorney's fees and expenses to the law firm pursuant to section 417.003 of the Labor Code, and argues the trial court erred in failing to award attorney's fees in its favor pursuant to the Declaratory Judgment Act. In its sole point of error, the law firm asserts the trial court abused its discretion in denying its request for additional attorney's fees in connection with the prosecution of the declaratory action.

### STANDARD OF REVIEW

■ The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). As a question of law, statutory construction is an appropriate topic for summary judgment. TEX.R. CIV. P. 166a(c); *see Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655–56 (Tex.1989).

### RELEVANT LABOR CODE PROVISIONS

UTHSC employees are provided workers' compensation coverage under chapter 503 of the Texas Labor Code. TEX. LAB. CODE ANN. § 501.021 (Vernon 1996). Chapter 417 of the Labor Code, which governs third-party liability in workers' compensation cases, is expressly included in the coverage provided to University of Texas employees by chapter 503. *See* TEX. LAB.CODE ANN. § 503.002(a)(9) (Vernon 1996). Chapter 417 permits a covered-employee to pursue a third-party lawsuit against the responsible third party. TEX. LAB.CODE ANN. § 417.001(a) (Vernon 1996). In such case, the insurance carrier is subrogated to the rights of the employee for

---

1. On appeal, the law firm concedes that it is     not entitled to fees under this provision.

any benefits paid by the carrier. TEX. LAB.CODE ANN. § 417.001(b) (Vernon 1996). Chapter 417 further provides that, as compensation for pursuing the third-party action, the employee's attorney may recover fees for services rendered.[2] TEX. LAB.CODE ANN. § 417.003 (Vernon 1996); see *Illinois Nat. Ins. Co. v. Perez*, 794 S.W.2d 373, 377 (Tex.App.—Corpus Christi 1990, writ denied) (noting that purpose of awarding attorney's fees is to pay employee's attorney for benefit accruing to carrier as result of attorney's efforts in recovery or settlement of third-party case). Such fees are payable out of the insurance carrier's subrogation recovery in an amount not to exceed one-third of the insurance carrier's recovery. TEX. LAB.CODE ANN. § 417.003 (Vernon 1996). A self-insuring governmental entity is included in the definition of "insurance carrier." TEX. LAB.CODE ANN. § 401.011(27)(C) (Vernon 1996).

## WAIVER OF SOVEREIGN IMMUNITY

■ UTHSC, as a branch of the University of Texas system, is a state agency shielded from suit and liability by sovereign immunity. See *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex. 1976); *Whitehead v. University of Texas Health Science Ctr. at San Antonio*, 854 S.W.2d 175, 181 (Tex.App.—San Antonio 1993, no writ); see also TEX. EDUC.CODE ANN. § 65.02(a)(10) (Vernon 1991). The Legislature may waive the state's immunity, but it must do so by clear and unambiguous language. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995). We do not, however, apply this rule so rigidly "that the almost certain intent of the Legislature is disregarded." *Id.* at 292.

■ In its first point of error, UTHSC argues that the Legislature has not clearly and unambiguously waived the immunity of state agencies for actions apportioning

attorney's fees in third-party actions. UTHSC notes that chapter 417 is merely adopted by reference in chapter 503, a statutory device, which alone does not evidence clear and unambiguous waiver of immunity. See *id.* at 295. In response, the law firm argues that the Legislature's consent to such actions for apportionment of attorney's fees is demonstrated by including "self-ensuring governmental entities" in the definition of insurance company. We agree with the law firm, finding that its position is supported by *Barfield*.

In *Barfield*, the Supreme Court determined that the Legislature had waived municipal immunity in retaliatory discharge cases. *Id.* at 296. This conclusion was not based upon a finding of an express waiver or upon a finding that a 1981 amendment by which the Political Subdivisions Law "adopted" the Anti–Retaliation Law amounted to a clear and unambiguous waiver of immunity. See *id.* at 294–95. The Court rejected the "adoption argument," in part, because key terms in the Political Subdivisions Law contained no counterpart in the Anti–Retaliation Law. Specifically, the Court noted that although the Political Subdivisions Law adopts the Anti–Retaliation Law with the stipulation that certain words—association, subscriber, or employer—shall be construed to include political subdivisions, none of those terms appears in the Anti–Retaliation Law. *Id.* at 295. The Court also observed that "person," the operative term in the Anti–Retaliation Law, is not defined by the Political Subdivisions Law to include political subdivisions, and "person" was not defined as an equivalent of "association," "subscriber," or "employer." *Id.* Without that definitional support, the Court was unable to find a clear intent to waive immunity by an adoption of one provision of a statute into another. *Id.* at 295–96.

**2.** Attorney's fees are recoverable if one of three situations exists: (1) the insurer hires an attorney to represent it but the attorney does not actively represent it; (2) the worker's attorney represents both the worker and the insurer; and (3) the insurer is actively represented by its attorney who participates in obtaining a recovery. TEX. LAB.CODE ANN. § 417.003 (Vernon 1996).

Before addressing other arguments raised, however, the Court did provide an example of definitional support, which in its estimation, constituted that degree of clarity necessary to evidence intent of waiver. *Id.* at 296. The Court looked to the Wrongful Death Act. *Id.* Under that Act, a "person" is liable for damages arising from an injury that causes death. *Id.* Noting that "person" is defined to include a corporation, and "corporation" is defined as "a municipal, private, public, or quasi-public corporation other than a county or a common or independent school district," the Court concluded that the Act clearly waived immunity for the identified governmental entities. *Id.* The statute at issue demonstrates this level of clarity.

■ Here, chapter 503 expressly includes chapter 417 in the coverage provided to University of Texas employees. Section 417.003(a) provides, in pertinent part, that "an *insurance carrier* whose interest is not actively represented by an attorney in a third-party action *shall pay* a fee to an attorney representing the claimant." TEX. LAB.CODE ANN. § 417.003(a) (Vernon 1996) (emphasis ours). "Insurance carrier" is defined to include "a governmental entity that self-insures, either individually or collectively." TEX. LAB.CODE ANN. § 401.011(27)(C) (Vernon 1996); *see also* TEX. LAB.CODE ANN. § 503.002(a)(1) (including chapter 401 in workers' compensation coverage provided to University of Texas employees). Including self-insuring governmental entities within the class subject to such actions is not without meaning. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981) (rule of statutory construction that every word of statute must be presumed to have been used for purpose). We hold that the relevant statutes clearly and unambiguously evidence the Legislature's intent to waive immunity for apportionment actions. *See also Texas Dep't of Transp. v. Wilson,* 980 S.W.2d 939, 942 (Tex.App.—Fort Worth 1998, pet. filed) (concluding that State not immune from apportionment actions). Point of error number one is overruled.

## SEPARATION OF POWERS

■ UTHSC next asserts that section 417.003, as applied against the State, is unconstitutional because only the Attorney General is entitled to act as counsel for the State in the recovery of a subrogation lien. *See* TEX. CONST. art. IV, § 22 (Attorney General shall represent State in all suits and pleas in Supreme Court of State in which State may be party ... and to perform such other duties as may be required by law). UTHSC contends that section 417.003 violates the separation of powers doctrine because it permits outside counsel to represent the State.

■ The separation of powers doctrine means that a "public officer or body may not exercise or otherwise interfere with a power constitutionally assigned to another public officer or body, nor may either surrender its own constitutionally assigned power, referring in all cases to the 'mass' of its powers or any 'core' paramount power." *Holmes v. Morales,* 906 S.W.2d 570, 573 (Tex.App.1995), *rev'd on other grounds,* 924 S.W.2d 920 (Tex.1996) (citing *Government Servs. Ins. Underwriters v. Jones,* 368 S.W.2d 560, 564–65 n. 3 (Tex.1963)). Statutes are presumed to be constitutionally firm. *See Vinson v. Burgess,* 773 S.W.2d 263, 266 (Tex.1989). We must construe a statute in a manner that renders it constitutional if it is possible to do so consistent with a reasonable interpretation of its language. *See Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990, orig.proceeding). If such an interpretation is not possible, however, then the constitution must prevail over the statute. *Earle v. Program Centers of Grace Union Presbytery, Inc.,* 670 S.W.2d 777, 779–80 (Tex.App.—Fort Worth 1984, no writ). The burden is on the party attacking the statute to show that it is unconstitutional. *Texas Pub. Bldg. Auth. v. Mattox,* 686 S.W.2d 924, 927 (Tex.1985, orig.proceeding); *Grothues v.*

*City of Helotes,* 928 S.W.2d 725, 730–31 (Tex.App.—San Antonio 1996, no writ). UTHSC has failed in its burden.

The fallacy in UTHSC's argument concerns the nature of section 417.003. Section 417.003 speaks only to attorney's fees—compensation. That is, the instant dispute concerns the law firm's right to be paid for its efforts expended in recouping monies from the responsible third party. The dispute does not involve, as UTHSC's argument implies, a private attorney's attempt to usurp the Attorney General's right to control the representation of the State's interest in the third-party action in the first instance. We fail to see how the assessment of attorney's fees to a private attorney *after* a third-party action, in which the Attorney General apparently elected not to participate, interferes with the Attorney General's ability to fulfill its constitutional duty to act as counsel for the State. Because the State has failed to demonstrate how section 417.003, as applied to the State, violates the doctrine of separation of powers, we overrule this point of error.

### RES JUDICATA

In its fourth point of error, UTHSC argues that the doctrine of res judicata bars the apportionment action because the issue of fees and expenses was determined in the judgment entered by the federal court. We disagree. The doctrine of res judicata requires proof of the following elements: (i) a prior final judgment on the merits by a court of competent jurisdiction; (ii) identity of parties or those in privity with them; and (iii) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996).

These elements are not present in the instant case. First, it is undisputed that UTHSC was not involved in the third-party action. Second, the apportionment dispute arose only after the settlement of the third-party action; thus, the apportion-

ment issue could not have been decided in the federal action. *See Illinois Nat. Ins. Co. v. Perez,* 794 S.W.2d 373, 377 (Tex. App.—Corpus Christi 1990, writ denied) (finding that res judicata did not bar apportionment action for attorney's fees because second case did not involve same legal right, question, or controversy or issue determined by previous court). Point of error number four is overruled.

### PROPER COURT

In a related argument, UTHSC next complains that the state court lacked jurisdiction to entertain the underlying action because the case was removed to federal court. Once a case is removed to federal court, the state court does not have the power to take any action in the case. *Resolution Trust Corp. v. Murray,* 935 F.2d 89, 92–93 (5th Cir.1991). UTHSC contends that the federal court, not the state court, was the proper court to award attorney's fees in this third-party claim. UTHSC's reliance on *Murray* is misplaced because the instant case is not part of the original third-party action. Although related to and arising out of the third-party litigation, the apportionment dispute is a separate dispute between the law firm and UTHSC that arose after the final settlement in the federal court. Because that dispute concerned a statutory apportionment, the state district court was the proper court to settle the controversy. *See Law Offices of Moore & Associates v. Aetna Ins. Co.,* 902 F.2d 418, 419 (5th Cir.1990) (separate lawsuit for apportionment pursued in state court after settlement of third-party claim in federal court). Point of error number three is overruled.

### ATTORNEY'S FEES

Finally, both parties complain about the trial court's refusal to award attorney's fees under the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997). Finding that the trial court acted within its discretion, we reject both contentions.

It is well settled that an award of attorney's fees under the Declaratory Judgments Act rests within the discretion of the trial court. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998) (citing *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637–38 (Tex.1996); *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 444–46 (Tex.1994); *Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391, 398–99 (Tex.1989); *Duncan v. Pogue*, 759 S.W.2d 435, 435–36 (Tex.1988); *Oake v. Collin County*, 692 S.W.2d 454, 455–56 (Tex. 1985)). This is true even with respect to the prevailing party. *See Bocquet*, 972 S.W.2d at 20. Because both parties had legitimate rights to pursue, the trial court did not act unreasonably or capriciously in determining that each party should bear its own attorney's fees. *See Knighton v. International Business Machs.*, 856 S.W.2d 206, 210–11 (Tex.App.—Houston [1st Dist.] 1993, writ denied). UTHSC's fifth point of error is overruled. The law firm's cross point is overruled.

The order of the trial court is affirmed.