The STATE of Texas, Appellant,

v.

Michael G. LLOYD, Appellee.

No. 10–98–122–CV.

Court of Appeals of Texas,
Waco.

June 9, 1999.

---

Hector J. Flores, Asst. Atty. Gen., Austin, for appellant.

Eward C. Berliner, Law Offices of Edward Berliner, Austin, for appellee.

Before Chief Justice DAVIS Justice CUMMINGS and Justice VANCE.

## OPINION

REX D. DAVIS, Chief Justice.

Appellee Michael G. Lloyd settled a negligence lawsuit with a third party for injuries Lloyd sustained while acting in the course and scope of his employment with the Texas Department of Transportation (hereinafter, the "State"). The State did not actively participate in Lloyd's suit against the third party. The court awarded Lloyd's counsel one-third of the State's workers' compensation subrogation lien as attorney's fees for the services counsel rendered Lloyd in pursuing his claim against the third-party. *See* TEX. LABOR CODE ANN. § 417.003(a) (Vernon 1996).

In a single issue, the State challenges the constitutionality of section 417.003 insofar as it "permits a private attorney to represent a State agency." We will affirm the judgment.

## BACKGROUND

Eugene Lehoski ran a stop sign and collided with Lloyd's state-owned vehicle on October 10, 1994. At the time of the collision, Lloyd was acting in the course and scope of his employment with the State. Because the State is self-insured, it paid $32,054.62 in medical expenses and benefits to Lloyd. *Id.* §§ 401.011(27)(C), 505.011, 505.012 (Vernon 1996). Thus, the State has a subrogation lien for that amount. *See Texas Dep't of Transp. v. Wilson.* 980 S.W.2d 939, 940 (Tex.App.—Fort Worth 1998, pet. denied); TEX. LAB. CODE ANN. § 417.001(b) (Vernon 1996).

Lloyd filed suit against Lehoski on August 19, 1996. The State filed a separate suit on January 28, 1997 asserting its subrogation claim. Lloyd filed an amended petition in his suit on June 4, 1997, serving a copy of same on "the attorneys of record for Plaintiff State of Texas." This is the first indication in the record of the State's involvement in Lloyd's suit.[1]

Pursuant to a settlement agreement, Lehoski's insurance carrier tendered its policy limits ($100,000) in full settlement of Lloyd's claims, subject to a pending underinsured motorist claim.[2] The carrier paid $21,369.75 (two-thirds of $32,054.62) directly to the State as reimbursement for the benefits paid on Lloyd's behalf. *Id.* § 417.002(a). The carrier paid the remainder ($10,684.87) into the registry of the court pending apportionment of attorney's fees under section 417.003.

Lloyd and the State filed competing motions for apportionment[3] of the funds deposited with the court. Lloyd's counsel argued that he was entitled to the statutory maximum fee of one-third of the State's subrogation lien, because he personally negotiated the settlement and the State's participation in the suit was limited to attendance at one deposition and the filing of a separate suit against Lehoski. *Id.* § 417.003(a)(1).

The State countered that article IV, section 22 of the Texas Constitution does not permit a private attorney to collect his fees out of the State's subrogation lien. *See* TEX. CONST. art. IV, § 22. Accordingly, the State requested the court to award the State "100% of its full lien."

The court agreed with Lloyd and awarded his attorney the fees requested.

1. The record before us does not contain Lloyd's original petition. Lehoski's original answer was served on only Lloyd's counsel.

2. It does not appear from the record that the State participated in negotiating this settlement.

## APPLICABLE LAW

### STANDARD OF REVIEW

 We presume a statute enacted by the Legislature is constitutional. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex.1996). If a statute is reasonably susceptible to different constructions, one of which renders the statute constitutionally valid and one invalid, then we must adopt the construction which upholds the validity of the enactment. *See id.; Maud v. Terrell*, 109 Tex. 97, 100, 200 S.W. 375, 376 (1918) (orig.proceeding). The party seeking to invalidate a statute as unconstitutional bears the burden of demonstrating the statute fails to satisfy constitutional requirements. *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex.1996).

### ARTICLE IV, SECTION 22

Article IV, section 22 of the Texas Constitution provides in pertinent part that the Attorney General "shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party" and shall "perform such other duties as may be required by law." TEX. CONST. art. IV, § 22. The Legislature has prescribed that the Attorney General "shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals." TEX. GOV'T CODE ANN. § 402.021 (Vernon 1998).

 Legislation which authorizes private counsel to appear on behalf of the State does not violate article IV, section 22 unless it "unequivocally supplant[s] the ... Attorney–General in [his] authority to prosecute the suits of the State." *El Paso Elec. Co. v. Texas Dep't of Ins.*, 937 S.W.2d 432, 439 (Tex.1996) (quoting *Maud*, 109

3. Although the State titled its pleading a "Motion for Apportionment of Funds," the State did not seek to apportion the funds between itself and Lloyd's counsel. Rather, it sought all of the funds deposited with the court.

Tex. at 101, 200 S.W. at 377). Stated another way, a legislative act violates article IV, section 22 when it, "by plain and unambiguous language, deprives ... the Attorney General of [his] authority to represent the state in the suits prosecuted under such act." *Camp v. Gulf Prod. Co.,* 122 Tex. 383, 395, 61 S.W.2d 773, 777 (1933).

### WORKERS' COMPENSATION ACT

A cause of action for an employee's injuries belongs to the employee. *Franks v. Sematech, Inc.,* 936 S.W.2d 959, 960 (Tex. 1997) (per curiam). If the employee seeks worker's compensation benefits, the insurance carrier is subrogated to the rights of the injured employee against a third party responsible for the injuries. TEX. LABOR CODE ANN. § 417.001(b); *Franks,* 936 S.W.2d at 960. The carrier's subrogation claim is derivative of the employee's claim. *Franks,* 936 S.W.2d at 960.

Because the State is self-insured, it is considered its own "insurance carrier" for purposes of the Workers' Compensation Act. TEX. LAB.CODE ANN. § 401.011(27)(C). Section 417.002(a) requires an employee who obtains a recovery in a third-party action to reimburse his employer's insurance carrier out of his net recovery for benefits paid on his behalf. *Id.* § 417.002(a). If the employee's attorney did not actively represent the carrier's interest in the third-party action and if the parties do not otherwise reach an agreement, "the court shall award to the attorney payable out of the insurance carrier's recovery:

(1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and

(2) a proportionate share of expenses."

*Id.* § 417.003(a). If the carrier is actively represented by its own counsel, "the court shall award and apportion between the claimant's and the insurance carrier's attorneys a fee payable out of the insurance carrier's subrogation recovery." *Id.* § 417.003(c).

Our research has disclosed two other cases in which the State has raised an identical constitutional challenge to section 417.003. *See University of Tex. Health Science Ctr. v. Mata & Bordini, Inc.,* No. 04–98–547–CV, slip op. at 7, 1999 WL 254166, at *4, —— S.W.2d ——, —— (Tex. App.—San Antonio Apr.30, 1999, no pet. h.); *Wilson,* 980 S.W.2d at 941.

The Fort Worth court in *Wilson* declined to address the constitutionality of the statute because the State did not establish "that the trial court's order was premised on [private counsel's] active representation of [the State's] interest." *Wilson,* 980 S.W.2d at 942. Because no findings of fact or conclusions of law were filed in that case, the court implied from the record that the Attorney General actively participated in the case and the trial court awarded attorney's fees under section 417.003(c). *Id.*

In *Mata & Bordini,* the San Antonio court rejected the State's argument because section 417.003 addresses only attorney compensation and does not "usurp the Attorney General's right to control the representation of the State's interest in the third-party action in the first instance." *Mata & Bordini,* slip op. at 8, 1999 WL 254166, at *5, —— S.W.2d at ——. Thus, the court concluded "the State has failed to demonstrate how section 417.003, as applied to the State, violates the doctrine of separation of powers." *Id.*

### ANALYSIS

Lloyd's case is different than Wilson's. In *Wilson,* the trial court awarded attorney's fees to the Attorney General and the claimant's attorney. *Wilson,* 980 S.W.2d at 940. Thus, the court of appeals had a record from which it could imply that the trial court had apportioned attorney's fees between the respective attorneys. *See* TEX. LAB.CODE ANN. § 417.003(c). In Lloyd's case however, the trial court awarded the Attorney General

no attorney's fees. Moreover, Lloyd's motion for apportionment of funds was premised on the fact that his counsel "has borne the burden and cost of proving liability and damages by himself in this matter, and the benefits that accrued to the State of Texas resulted solely from the efforts of [Lloyd's counsel]." The trial court decreed that Lloyd's motion be "in all things GRANTED" and awarded attorney's fees as requested by Lloyd.

Based on this record, we conclude that the trial court awarded attorney's fees to Lloyd's counsel on the basis of section 417.003(a). Thus, we will address the constitutionality of the statute. *Cf. Wilson,* 980 S.W.2d at 942.

The State argues that section 417.003 is unconstitutional as it applies in this case because it "permits" counsel for a workers' compensation claimant "to act as counsel for the State and recover the [State's] workers' compensation lien." It appears the State is challenging the wrong statute. *See Mata & Bordini,* slip op. at 8, 1999 WL 254166, at *5, —— S.W.2d at ——. Section 417.003 addresses apportionment of attorney's fees. *See id.;* TEX. LAB.CODE ANN. § 417.003. Section 417.003 allows a claimant merely to recover his attorney's fees from the State's subrogation lien; it does not authorize a claimant to institute an action to recover the State's lien. *See Mata & Bordini,* slip op. at 8, 1999 WL 254166, at *5, —— S.W.2d at ——.

Applying a liberal construction to the State's brief, the State seems to be challenging the constitutionality of section 417.001 of the Workers' Compensation Act, which authorizes a claimant to sue the third-party responsible for his damages. *See Boswell v. Farm & Home Sav. Ass'n,* 894 S.W.2d 761, 765–66 (Tex.App.—Fort Worth 1994, writ denied); TEX.R.APP. P. 38.9. The net effect of section 417.001 on a case involving a State employee is to allow the employee to recover the State's subrogation lien. We conclude however that this provision does not violate article IV, section 22 because it does not "unequivo-

cally supplant the ... Attorney–General in [his] authority to prosecute the suits of the State." *El Paso Elec. Co.,* 937 S.W.2d at 439; *Maud,* 109 Tex. at 101, 200 S.W. at 377.

Although subsection (a) of section 417.001 permits private counsel for a State employee to recover the amount secured by the State's subrogation lien by filing suit in the employee's name, it does not preclude the Attorney General from pursuing this claim. Rather, subsection (b) of this same statute permits the State to pursue the subrogation lien in its own stead. Subsection (b) provides that an insurance carrier "may" enforce its subrogation lien in the employee's name. TEX. LAB.CODE ANN. § 417.001(b). Although not stated in the Act, the State (as an insurance carrier) may also enforce its lien "in its own name." *Franks,* 936 S.W.2d at 960; *see, e.g., Wilson,* 980 S.W.2d at 940 (intervention by Attorney General in state employee's suit); *State v. Azios,* 966 S.W.2d 869, 869 (Tex.App.—Beaumont 1998, no pet.) (subrogation action filed by Attorney General).

## CONCLUSION

Under the Workers' Compensation Act, the State may pursue a subrogation claim "in its own name or the employee's name." *Franks,* 936 S.W.2d at 960. Thus, the Act does not "unequivocally supplant the ... Attorney–General in [his] authority to prosecute the suits of the State." *El Paso Elec. Co.,* 937 S.W.2d at 439; *Maud,* 109 Tex. at 101, 200 S.W. at 377; *accord Camp,* 122 Tex. at 395, 61 S.W.2d at 777. Accordingly, the Workers' Compensation Act does not violate article IV, section 22 of the Texas Constitution.

We overrule the State's sole issue and affirm the judgment.

Justice CUMMINGS not participating.