# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00431-CV

**Jesse Wickenheiser, Individually, et al.,[1] Appellants**

**v.**

**City of Austin; County of Travis; and O'Malley Engineers, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. 97-06837, HONORABLE PAUL DAVIS, JUDGE PRESIDING

Appellants challenge the take-nothing judgment rendered against their claims for damages resulting from an automobile collision. Appellants allege that the City of Austin and Travis County negligently designed and maintained the intersection at which the collision occurred. They contend that the district court erred in rendering a partial summary judgment that the county had sovereign immunity from some causes of action; they argue that, once the county decided to install a "stop-ahead" sign, the specific positioning of the sign was not discretionary. Appellants also contend that the district court erroneously submitted a jury question that effectively imputed any negligence by the van driver to all the van's passengers. We will affirm the judgment.

---

[1] Appellants are Jesse Wickenheiser; John Wickenheiser; Juan David Otoya Silva; Penelope Itzel Rosas; Maria Silva Henderson; Stephen Fisher; Richard and Carole Fisher; Jeff Hultgren, as representative of the estate of Rosa Irma Rosas Hultgren; Louis and Stephanie Korkames, individually and as representatives of the estate of Victoria Luz Korkames; Richard and Linda Noell, individually and as representatives of the estate of Kristina Hope Noell; Carolyn and Thomas Oehler, individually and as representatives of the estates of Katrina Oehler and Precious Heart Oehler; Mark and Kendra Wickenheiser, individually and as representatives of the estate of Nina T. Wickenheiser.

## BACKGROUND

This suit arises from a collision between a van driven by appellant Jesse Wickenheiser ("Wickenheiser") and a pickup truck driven by John Harris ("Harris") at the intersection of McKinney Falls Parkway ("the Parkway") and Burleson Road. The intersection was controlled by the city, but the approach from the southwest on the Parkway was controlled by the county.[2] Wickenheiser, approaching the intersection from the southwest on the Parkway, did not stop at the stop sign at the intersection. His van collided with the Harris's pickup. The collision killed five children in the van and Harris's wife in the pickup. Several others in the vehicles were injured.

Appellants sued several parties involved in the design and maintenance of the intersection, alleging several theories of negligence. Their claims against all parties but the city and the county were settled or otherwise disposed of.

Before trial, the county moved for and obtained a partial summary judgment. In its motion, the county contended that, despite three years of discovery, appellants had produced no evidence to support their claims and had failed to state a valid claim. In its order on the county's motion for summary judgment, the court wrote:

> The Court finds, as a matter of law, that the intersection at issue in this case is controlled by the City of Austin and was not the responsibility of Travis County. Furthermore, as a matter of law, Travis County had no responsibility for the intersection pursuant to the Interlocal Agreement between the City of Austin and Travis County. It is therefore, ORDERED that Travis County's Second Amended Motion for Summary Judgment is GRANTED as to any and all allegations made by

---

[2] Appellants do not challenge the district court's findings that the city controlled the intersection and that the county had no responsibility for the intersection or the placement of the stop sign.

2

the Plaintiffs against Travis County regarding the design, placement or condition of the stop sign at issue.

Further, the Court finds that summary judgment must be and is GRANTED in favor of Travis County on Plaintiffs' claims regarding the placement of the stop ahead sign and design of the stop ahead sign, because the placement and design of the stop ahead sign involved discretionary acts by Travis County for which Travis County has sovereign immunity.

Summary judgment is also GRANTED in favor of Travis County on Plaintiffs' claims regarding the placement of the two "false" stop signs. The placement and condition of these "false" stop signs involved discretionary acts for which Travis County has sovereign immunity.

It is therefore, ORDERED, ADJUDGED and DECREED, that the only remaining cause of action against Travis County by Plaintiffs in *Wickenheiser, et al. v. City of Austin, et al.*, Cause No. 97-07837, as alleged in Plaintiffs' Fourth Amended Petition, is the cause of action asserting that a special defect was created by vegetation surrounding the stop ahead sign and stop sign at issue.

The case then proceeded to trial.

At trial, the jury answered several questions. The jury found that the stop-ahead sign was not obscured by vegetation on the date of the accident; accordingly, the jurors as instructed did not consider whether the county was negligent. The jury found that the negligence[3] of appellants Wickenheiser and Louis Korkames contributed to the accident and found that the negligence of the city did not. Based on these answers, the district court rendered a take-nothing judgment.

---

[3] The jury did not specify the basis on which it found Wickenheiser and Korkames negligent. Appellees alleged that Wickenheiser operated the van at an unsafe speed and failed to keep a proper lookout, stop for a stop sign, and yield the right-of-way. They alleged that Korkames should have known that the van was unsafe and should not have allowed it to be used as it was after removing its seat belts, not maintaining or properly repairing its brakes, and failing to install adequate tires.

3

**DISCUSSION AND CONCLUSION**

Appellants contend that the district court erred by granting partial summary judgment to the county and in constructing the negligence question in a way that imputed the negligence of Wickenheiser to all the appellants. Appellants listed four additional issues on appeal, but waived those complaints by failing to provide any supporting argument, authorities, or citations to the record. *See* Tex. R. App. P. 38.1(h).

Appellants contend that the court erred at the summary-judgment stage by holding that the specific positioning of the stop-ahead sign was discretionary once the decision to install the sign had been made. When a defendant moves for summary judgment on an affirmative defense, it must conclusively establish each element of its defense as a matter of law. *See Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). A defendant is not entitled to judgment as a matter of law on an affirmative defense if the plaintiff supplies evidence as to any material fact issue relevant to the defense upon which reasonable minds could differ. *Santanna Natural Gas Corp. v. Hamon Operating Co.*, 954 S.W.2d 885, 890 (Tex. App.—Austin 1997, pet. denied) (citing *Kassen v. Hatley*, 887 S.W.2d 4, 9 (Tex. 1994)). Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Id*.

Appellants can maintain this suit against the city and county only if sovereign immunity has been waived for their claims. Generally, governmental entities are immune from suit and from liability. *See Green Int'l, Inc. v. State*, 877 S.W.2d 428, 432 (Tex. App.—Austin 1994, writ dism'd by agr.). By adopting the Tort Claims Act, the legislature waived the immunity of the State and its subdivisions in certain situations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021, et seq. (West

4

1997 & Supp. 2001). When considering waiver of sovereign immunity in a case arising from the design of a road-construction detour, the supreme court wrote the following:

> First, under section 101.056, the State preserves its immunity for an act "if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.056(2). Thus, if the State's action is discretionary, it does not waive its immunity. *See State v. Burris*, 877 S.W.2d 298, 299 (Tex. 1994). An act is discretionary if it requires exercising judgment and the law does not mandate performing the act with such precision that nothing is left to discretion or judgment. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). Design of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions. *See Villarreal v. State*, 810 S.W.2d 419, 422 (Tex. App.—Dallas 1991, writ denied).
>
> Second, under section 101.060, the State does not waive its sovereign immunity for claims arising from "the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.060(a)(1).

*State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999).

Appellants argue that the precise placement of the stop-ahead sign was not discretionary because it was governed by the Manual on Uniform Traffic Control Devices. *See State Dep't of Highways v. King*, 795 S.W.2d 888, 895-96 (Tex. App.—Beaumont 1990), *writ denied*, 808 S.W.2d 465 (Tex. 1991) (per curiam). In denying the writ in *King*, however, the supreme court quoted language from the Manual stating that the Manual's standards were guidelines, not substitutes for engineering study or judgment, and were not legally binding. 808 S.W.2d at 466. In a later opinion reversing a jury verdict and rendering a take-nothing judgment against persons injured in an automobile collision, the supreme court held that the State retained its immunity for its road crew's

5

exercise of discretion in deciding to place barrels as a warning device, a decision that complied with the Manual. *State v. Miguel*, 2 S.W.3d 249, 252 (Tex. 1999).

We hold that the district court did not err by holding that the placement of the stop-ahead sign was a discretionary act. There is no evidence that the Manual's guidelines are absolute parameters. We are cited to no statutory or contractual provision that constrains the placement of signs in a way that eliminates discretion or judgment, indicating that discretion is necessary. *See Rodriguez*, 985 S.W.2d at 85. Rather, the sections of the Manual appellants included in the summary-judgment record refer to "suggested" minimum distances as an "aid" to guide the exercise of "engineering judgment" in deciding where to place warning signs. Further, the decision not to place a stop-ahead sign within the Manual's recommended zone is substantially the same as the decision not to place a road sign at all, for which immunity is expressly not waived. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(1) (West 1997). We conclude that both discretionary decisions are within this statute's non-waiver of immunity.

Appellants' discussion under issue one extends beyond the stop-ahead sign. Appellants contend in the text of their brief that the county failed to respond timely to complaints, not about the stop-ahead sign, but about inconsistent speed limits along the Parkway between McKinney Falls Park and Burleson Road. *See id.* § 101.060(a)(2). The order on the county's second amended motion for summary judgment—which dispenses with claims about the stop sign, the stop-ahead sign, and "false" stop signs, and preserves claims about vegetation around signs—does not address speed limit signs; appellants cite us to no other summary-judgment order denying the speed

limit complaint. We therefore need not consider this challenge to the partial summary judgment.[4] If the claim persisted through trial, it was denied in the final judgment along with all relief not expressly granted; appellants did not complain about the treatment of this claim at the trial stage.

Appellants also complain that the county failed to mow the intersection and the approaches to the intersection. Appellants' inclusion of this argument in their challenge to the summary judgment is not well-taken. Regarding the intersection itself, the district court held at the summary-judgment stage that the county was not responsible for maintaining the intersection; appellants do not challenge this holding on appeal and cannot complain of the county's failure to mow grass for which it was not responsible. Regarding the approaches to the intersection, the district court denied the county's motion for summary judgment regarding whether vegetation obscured the stop-ahead sign.[5] We resolve issue one in favor of the judgment.

By issue two, appellants complain that the district court erred by refusing their "requested jury issues requiring notice to each Plaintiff and instead imputing Wickenheiser's

_____

[4] Even if the partial summary judgment could be read to deny this claim, appellants have not cited evidence supporting their claim that the county ignored complaints about the speed limit signs on an applicable stretch of road. Appellants cite a letter in which the writer complains, not about the absence of speed limit signs on the northeast-bound stretch of road traveled by the appellants before the accident, but that the posted speed limit of thirty-five miles per hour was *slower* than the fifty miles per hour that the letter-writer recalled being approved. The letter writer's concern about the absence of speed limit signs for southwest-bound traffic is irrelevant to this suit because neither vehicle was driving that direction on the Parkway. Nor does any inconsistency between the posted speed limits for traffic on the Parkway have any articulated bearing on causation of this collision. The other cited evidence referring to the absence of speed limit signs is not a complaint but an affidavit regarding where the Manual's guidelines would direct placement of the stop-ahead sign based on the speed limit. The affiant uses the faster unposted speed limit to calculate that placement.

[5] At trial, the jury found that vegetation did not obscure the sign. Appellants do not challenge the sufficiency of the evidence to support the jury's finding.

7

negligence to all Plaintiffs, including the minor children, in jury question 2(c)." In question two, the district court asked the jury whether the following parties' negligence proximately caused the collision: the city, appellants Wickenheiser and Louis Korkames, and O'Malley, a dismissed defendant;[6] the jury answered affirmatively regarding Wickenheiser and Korkames and negatively regarding the city and O'Malley. The jury's failure to find that the defendants proximately caused the collision renders harmless any error in the jury question regarding the negligence or lack of negligence by the other plaintiffs. Even if the district court had asked separate questions regarding causation by each appellant and even if the jury failed to find the remaining appellants negligent, those remaining appellants still could not recover from appellees who were not found to be proximate causes of the accident. We resolve issue two in favor of the judgment.

We affirm the judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: November 8, 2001

Do Not Publish

---

[6] Pursuant to the district court's instruction, the jury excluded the county from their consideration on this issue because they found that the county mowed the vegetation around the stop-ahead sign.