**BRAZORIA COUNTY, Appellant,**

v.

**Kym VAN GELDER, Appellee.**

No. 14–08–01092–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 2009.

Rehearing Overruled Oct. 8, 2009.

448

Trey David Picard, Angleton, TX, for Appellant.

Christopher Bradshaw–Hull, Houston, TX, for Appellee.

Panel consists of Justices SEYMORE, BROWN, and SULLIVAN.

## OPINION

KENT C. SULLIVAN, Justice.

Brazoria County, the appellant in this interlocutory appeal, asserts governmental immunity against a personal-injury lawsuit filed by the appellee, Kym Van Gelder. Van Gelder alleges that a road bump constitutes a "special defect" for which the Texas Tort Claims Act (the "TTCA") waives immunity and that Brazoria County (the "County") can also be held responsible

under ordinary premises liability for, among other things, choosing a warning sign that mislabels the road "bump" as a "hump." We hold Van Gelder has failed to invoke the trial court's subject-matter jurisdiction. Accordingly, we reverse the trial court's order denying the County's plea to the jurisdiction, and we render judgment dismissing the suit for want of jurisdiction.

## I.

### BACKGROUND

This suit involves the design and maintenance of County Road 168, in Brazoria County. For several decades, the road has featured a "sharp uprise" where it connects with a bridge that spans the Briscoe Irrigation Canal. To prepare drivers for the abruptly sloped pavement, the County installed a sign that reads, "Hump Ahead."

On June 4, 2006, Van Gelder was riding passenger in a vehicle along County Road 168. The driver, Bryan Applewhite, lost control of the vehicle after driving over the sloped road bump. The car left the road, rolled over, and struck a culvert. The investigating officer later concluded that Applewhite had been drinking alcohol and that, although he was not speeding, he still operated the car in an unsafe manner.

Van Gelder, who was injured in the accident, sued Applewhite for negligence. Applewhite entered into a settlement with Van Gelder and was then non-suited. In addition, Van Gelder sued the County, alleging that the road bump constituted either a "special defect" or a premises defect. Apparently perceiving some distinction between a road *hump* and a *bump*, Van Gelder claims the County should have placed a "Bump" sign instead of the posted "Hump Ahead" sign, which she contends fails to adequately warn drivers about the perils posed by the uprise in the pavement. In addition to her inadequate-warning claims, Van Gelder alleged that the County should have lowered the posted speed limit on the county road from forty miles per hour to twenty-five miles per hour.

The County asserted governmental immunity through a plea to the jurisdiction, raising five arguments: (1) the bump is not a special defect; (2) Van Gelder's premises-liability claims arise from the County's exercise of its discretionary functions; (3) the local water district, and not the County, is responsible for the design, construction, and maintenance of the canal bridge; (4) the bridge and road were constructed before the effective date of the Texas Tort Claims Act; and (5) its immunity is not waived under the Road and Bridges Act.[1] The trial court denied the County's plea without explaining its reasoning, leading to this interlocutory appeal in which the County raises the same arguments presented to the trial court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon 2008).

## II.

### STANDARD OF REVIEW

The doctrine of governmental immunity protects political subdivisions of the State, including counties, from lawsuits for damages unless immunity has been waived or the claimant has received legislative consent to bring suit. *See Tara Partners, Ltd. v. City of S. Houston,* 282 S.W.3d 564, 576 (Tex.App.-Houston [14th

1. *See* Tex. Transp. Code Ann. §§ 254.001–.019 (Vernon 1999).

Dist.] 2009, pet. filed); *Seureau v. Exxon-Mobil Corp.*, 274 S.W.3d 206, 215 (Tex. App.-Houston [14th Dist.] 2008, no pet.). Generally, a trial court lacks subject-matter jurisdiction to hear a suit against a governmental entity absent an exception to immunity. *See Clear Lake City Water Auth. v. Friendswood Dev. Co.*, 256 S.W.3d 735, 740 (Tex.App.-Houston [14th Dist.] 2008, pet. dism'd).

 The plaintiff bears the burden of affirmatively demonstrating the trial court's subject-matter jurisdiction over a case. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In turn, a defendant may challenge the court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). In ruling on a defendant's plea that challenges the sufficiency of the plaintiff's pleadings, the court must construe the allegations in the plaintiff's favor. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). However, if the plea is directed at the existence of jurisdictional facts, the court may consider evidence submitted by the parties to the extent necessary to decide the question of jurisdiction. *See id.* at 227. In that scenario, the court assumes as true all evidence favoring the nonmovant. *See id.* at 228. If the relevant evidence is undisputed or fails to raise a fact issue on jurisdiction, the plea should be granted. *See id.* By contrast, if the evidence reveals a fact question on the jurisdictional issue, the dispute must be resolved by the fact-finder. *See id.* at 227–28. Because subject-matter jurisdiction is a question of law, we review the trial court's ruling on a plea to the jurisdiction *de novo. Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex.2007).

## III.

### ANALYSIS

We begin with the County's first issue, which address the TTCA's waiver of immunity for special defects and certain premises defects. The County's first issue is split into two parts. First, the County contends the road bump is not a special defect, as a matter of law. Second, the County argues that Van Gelder's premises-liability allegations, even taken as true, implicate discretionary functions for which the County retains immunity. We agree on both counts, and therefore will sustain the County's first issue.

### A. Waiver of Immunity for Special Defects

Generally, the TTCA limits the duty a governmental unit owes to a claimant who alleges a premises defect. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.022(a) (Vernon Supp. 2008). However, that provision does not limit the government's duty to warn about "special defects such as excavations or obstructions on highways, roads, or streets." *Id.* § 101.022(b). Thus, if the road bump qualifies as a special defect, the County's immunity may be waived as to its failure to post an adequate warning. *See id.; Harris County v. Estate of Ciccia*, 125 S.W.3d 749, 753 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

 The Texas Supreme Court recently issued three opinions on the topic of special defects. *See Tex. Dep't of Transp. v. Gutierrez*, 284 S.W.3d 848 (Tex.2009); *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844 (Tex.2009); *Denton County v. Beynon*, 283 S.W.3d 329 (Tex.2009). None of these cases involve a road bump, the condition about which Van Gelder complains here. *See Gutierrez*, 284 S.W.3d at 849 (loose gravel); *York*, 284 S.W.3d at 845 (loose gravel); *Beynon*, 283 S.W.3d at 330 (floodgate arm located off the side of a roadway). However, these cases serve as a

reminder[2] that, in order to qualify as a special defect, a condition must be "of the same kind or fall[ ] within the same class as an *excavation* or *obstruction.*" *York,* 284 S.W.3d at 847 (emphases added). Stated differently, any condition that falls outside of that category cannot be a special defect. *See id.; Beynon,* 283 S.W.3d at 331–32 ("[A] court cannot 'classify as "special" a defect that is not like an excavation or obstruction on a roadway.' ") (quoting *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 239 n. 3 (Tex. 1992)).

Whether a condition amounts to a special defect is a question of law we review *de novo. See York,* 284 S.W.3d at 847; *Payne,* 838 S.W.2d at 238. In deciding this question, we may consider such factors as (1) the size of the condition, (2) whether the condition unexpectedly and physically impairs a car's ability to travel on the road, (3) whether the condition presents some unusual quality apart from the ordinary course of events, and (4) whether the condition presents an unexpected and unusual danger to the ordinary users of the roadway. *See York,* 284 S.W.3d at 847.

During oral argument, Van Gelder conceded that the road bump does not resemble an "excavation," a term generally used to refer to a hole. *See York,* 284 S.W.3d at 847 (holding loose gravel was not an "excavation" because it did not create hole in the road); *City of El Paso v. Chacon,* 148 S.W.3d 417, 420, 425 (Tex.

App.-El Paso 2004, pet. denied) (hole created by removal of utility pole); *Peterson v. City of Fort Worth,* 966 S.W.2d 773, 776 (Tex.App.-Fort Worth 1998, no pet.) (channel dug in ground); *Sinko v. City of San Antonio,* 702 S.W.2d 201, 203 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.) (hole in parking lot).[3] Thus, to qualify as a special defect, the road bump must fall in the same class as a roadway "obstruction." *See York,* 284 S.W.3d at 847.

Here, the allegedly dangerous condition consists of a "sudden and abrupt" rise in the pavement where the county road slopes upward to cross over a bridge spanning the irrigation canal. Generally, road bumps and rises in the pavement have not been considered special defects. *See City of Dallas v. Reed,* 258 S.W.3d 620, 622 (Tex.2008); *Hindman v. State Dep't of Highways & Pub. Transp.,* 906 S.W.2d 43, 45–46 (Tex.App.-Tyler 1994, writ denied) ("We do not agree that the Legislature, in creating an exceptional class of road defects for which the State carries a higher degree of liability, meant to include in such class every pothole or bump encountered on a public highway in Texas[.]"); *Dippel v. Refugio County Mem'l Hosp. Dist.,* No. 13–01–211–CV, 2002 WL 121931, at *4 (Tex.App.-Corpus Christi Jan. 31, 2002, no pet.) (mem. op., not designated for publication). In addition, the record indicates that the road bump does not physically block, or otherwise prevent cars from driving on, County Road 168.[4] *See York,* 284 S.W.3d at 847–

---

**2.** The Court's recent pronouncements echo its earlier analysis three decades before, in *County of Harris v. Eaton,* 573 S.W.2d 177 (Tex. 1978). In *Eaton,* the Court applied the *ejusdem generis* rule of statutory construction in holding that a special defect includes conditions of the same kind or class as excavations or obstructions, the two conditions specifically mentioned in the statute. *See id.* at 179.

**3.** *See also Eaton,* 573 S.W.2d at 181 (Steakley, J., dissenting) ("An excavation is defined as a cavity formed by cutting, digging, or scooping.").

**4.** Although the record contains no specific estimates about the size of the bump, both parties' evidence suggests vehicles can, and do, drive over the county road and bridge without incident.

48. Accordingly, the bump does not *obstruct* the county road in the manner required to constitute a special defect. *See id.*

In her pleadings, Van Gelder alleges that the sloped pavement *resulted from* construction that involved both excavation and obstructions. That is, she argues that the canal was excavated to build the levees, which then obstructed the county road. As a result, a bridge was erected to cross the canal and levees, and the county road was sloped upward to connect to the bridge. However, these allegations, even taken as true, indicate only that the sloped pavement is not itself an obstruction, but instead at most a detour *over* an obstruction. That scenario does not fit the category of a special defect:

> The court of appeals reasoned that because the detour was designed to route U.S. 77 around an excavation, the excavation's status as a special defect extended to the detour. Again, we disagree. The excavation did not cause the accident. The detour was located near the excavation, but it was not a condition of the same kind or class as the excavation. This detour's sharp turn and other alleged design flaws did not unexpectedly and physically impair a vehicle's ability to travel on the roadway in the same way as a ditch in the road or a ten-inch drop along the shoulder.

*State v. Rodriguez,* 985 S.W.2d 83, 86 (Tex. 1999) (citations omitted), *abrogated on other grounds by Denton County v. Beynon,* 283 S.W.3d 329 (Tex.2009).

 Finally, the record reveals that the road bump has been a permanent condition since the construction of the bridge in 1967, and therefore does not represent an unusual or unexpected danger to the ordinary users of the county road. *See York,* 284 S.W.3d at 847. Accordingly, as a longstanding or permanent structure, the road bump does not qualify as a special defect. *See Tex. Dep't of Transp. v. Andrews,* 155 S.W.3d 351, 356–57 (Tex.App.-Fort Worth 2004, pet. denied); *City of Mission v. Cantu,* 89 S.W.3d 795, 809 (Tex. App.-Corpus Christi 2002, no pet.); *Stokes v. City of San Antonio,* 945 S.W.2d 324, 326 (Tex.App.-San Antonio 1997, no writ); *Harris County v. Smoker,* 934 S.W.2d 714, 718–19 (Tex.App.-Houston [1st Dist.] 1996, writ denied); *see also Estate of Ciccia,* 125 S.W.3d at 754 ("The design of a roadway is a permanent feature and thus not an unusual or unexpected danger."); *Villarreal v. State,* 810 S.W.2d 419, 422 (Tex.App.-Dallas 1991, writ denied) ("[A] special defect must be something out of the ordinary course of events rather than a long-standard, routine, or permanent defect.").

Accordingly, because the road bump does not represent a special defect, we hold section 101.022(b) of the Texas Tort Claims Act does not waive the County's immunity from suit. We next address Van Gelder's premises-liability claims against the County.

**B. Premises Liability Involving Discretionary Acts**

 Our determination that the road bump is a premises defect and not a special defect does not end our analysis, because the TTCA also waives the government's immunity for certain premises defects. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a). However, the TTCA does not waive immunity for alleged premises defects that arise from the government's exercise of its discretionary functions. *See id.* § 101.056(2); *Perez v. City of Dallas,* 180 S.W.3d 906, 913 (Tex.App.-Dallas 2005, no pet.); *Tex. Dep't of Transp. v. Arzate,* 159 S.W.3d 188, 193 (Tex.App.-El Paso 2004, no pet.).

Van Gelder's premises-liability allegations include the following theories of liability: (1) the road bump constitutes a premises defect of which the County was aware but Applewhite and Van Gelder were not; (2) the County failed to adequately warn about the defect, having incorrectly selected a "Hump Ahead" sign instead of a "Bump" sign; and (3) the County should have set the maximum speed limit at twenty-five miles per hour instead of forty miles per hour. However, all three allegations implicate a government's discretionary acts; therefore, the TTCA does not waive the County's immunity from suit.

■ We begin with Van Gelder's claim that the road bump constitutes a premises defect. The record indicates that the bump is a permanent condition of the roadway and resulted from the decision to abruptly slope the road to connect to the bridge, which was built at a higher elevation than the county road. Even if the pavement slopes at a steep or abrupt angle, as Van Gelder contends, the design of a roadway such as County Road 168 reflects a discretionary act for which the government retains immunity. *See Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002) (holding slope of a median resulted from discretionary decision); *Perez*, 180 S.W.3d at 911, 913; *Arzate*, 159 S.W.3d at 191; *see also Estate of Ciccia*, 125 S.W.3d at 753 ("The design of a roadway is a discretionary function involving many policy decisions; thus, the responsible governmental unit's sovereign immunity is not waived for flawed roadway design.").

■ In her second allegation, Van Gelder contends that, by posting a "Hump Ahead" sign instead of a "Bump" sign, the County failed to warn drivers about the impending bump and also violated the Texas Manual on Uniform Traffic Control Devices. We note, parenthetically, that compliance with the Manual's provisions is not mandatory. *See State Dep't of Highways & Pub. Transp. v. King*, 808 S.W.2d 465, 466 (Tex.1991); *Andrews*, 155 S.W.3d at 359; *City of Midland v. Sullivan*, 33 S.W.3d 1, 14–15 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.). In addition, the government's decision whether to place a safety device, or which one to use, is also a discretionary act. *See State v. Miguel*, 2 S.W.3d 249, 251 (Tex.1999); *Ramirez*, 74 S.W.3d at 867; *Rodriguez*, 985 S.W.2d at 86; *Maxwell v. Tex. Dep't of Transp.*, 880 S.W.2d 461, 464 (Tex.App.-Austin 1994, writ denied) ("It is not proper for a court to second-guess the agency's decision that some other type of marker or safety device would have been more appropriate.... To do so would displace the authority of the agency responsible for making such decisions."). Therefore, the TTCA does not waive the County's immunity for allegedly selecting the wrong sign to warn drivers about the road bump.[5]

■ Finally, Van Gelder challenges the County's decision to set the speed limit on County Road 168 at forty miles per hour. However, the TTCA does not waive immunity for this claim because, as with the selection of traffic signs, the government's decision as to the maximum speed limit is a discretionary act. *See Tex. Dep't of Transp. v. Garza*, 70 S.W.3d 802, 808 (Tex.

5. Because we hold that the allegedly incorrect choice of a "Hump Ahead" sign is a discretionary act, we do not address Van Gelder's argument that the County's selection of a specific safety device constitutes a "condition[ ] or malfunction of traffic signs, signals or warning devices" for which section 101.022(b) waives immunity. We leave for another day the resolution of the legal difference, if any, between a hump and a bump. *See* Tex.R.App. P. 47.1.

2002) (refusing to find waiver of immunity where speed-limit sign correctly reflects the legal speed limit); *Bellnoa v. City of Austin,* 894 S.W.2d 821, 827 (Tex.App.-Austin 1995, no writ); *Shives v. State,* 743 S.W.2d 714, 716 (Tex.App.-El Paso 1987, writ denied).

Van Gelder has not shown that the road bump represents a special defect. Further, all of her premises-liability allegations refer to the County's discretionary acts; therefore, the County retains immunity from a lawsuit questioning those decisions. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.056(2). Accordingly, we sustain the County's first issue. Having done so, we need not address the County's other three issues in this appeal. *See* Tex. R.App. P. 47.1.

## CONCLUSION

Appellee, Kym Van Gelder, has not demonstrated that the Texas Tort Claims Act waives Brazoria County's governmental immunity from suit. Therefore, the trial court lacks subject-matter jurisdiction over Van Gelder's lawsuit and erred by denying the County's plea to the jurisdiction. Accordingly, we reverse the order of the trial court and render judgment dismissing the suit for want of jurisdiction.

SEYMORE, J., dissents without opinion.