Affirmed and Opinion filed May 10, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00726-CV

___________________

 

Paula Russell, Appellant

 

V.

 

Metropolitan Transit Authority of Harris
County, Texas, Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2009-68241

 



 

 

OPINION

Appellant Paula Russell appeals from
the trial court’s order granting the plea to the jurisdiction filed by appellee
Metropolitan Transit Authority of Harris County, Texas.  We affirm.   

I

            Paula
Russell, an employee of Metropolitan Transit Authority of Harris County, Texas
(“Metro”), was involved in an on-the-job car accident with Andre Sais on May 21,
2008, while driving a Metro-owned truck.  Russell incurred medical expenses and
lost wages as a result of the accident and filed for workers’-compensation
benefits from Metro, a self-insured political subdivision under Texas Labor
Code § 504.011.  Metro accepted the claim as compensable and paid Russell benefits
totaling $27,084.97.  Under section 417.001(b) of the Labor Code, Metro was granted
a subrogation interest in Russell’s right to enforce liability against third
parties.  Metro’s subrogation lien was limited to the total benefits Metro paid
to Russell less the percentage of a fact finder’s determination of Metro’s
proportionate responsibility, if any.  See Tex. Lab. Code § 417.001(b). 


            In
October 2008, Metro sent notice of its subrogated claim to American Century
Claims Services, Inc., the claims adjustor for Sais’s auto-insurance carrier.  In
March 2009, Metro’s workers’-compensation adjustor sent a letter to American
Century offering to settle Metro’s subrogation lien for $25,000—an amount equal
to Sais’s policy limit.  American Century agreed to the settlement in exchange
for a release of further claims against Sais’s insurer.  On April 6, 2009, Russell’s
then-attorney sent a letter to Metro and American Century warning that the release
would not discharge Russell’s claims against Sais.  On April 21, 2009, Russell’s
attorney in this case requested the settlement be stopped in light of Metro’s
potential proportionate responsibility for the accident and to determine his
right to attorney’s fees derived from the $25,000 settlement.[1]  Metro and American
Century, however, proceeded with the settlement and signed the release on May
21, 2009.

In October 2009, Russell
filed suit against Sais, Metro, and American Century.  Russell sued Sais for
personal injuries, and American Century for conversion and intentional interference
with a contract.  She sought declaratory relief against Metro establishing
that: (1) the release signed by Metro does not prohibit Russell from suing Sais
for personal injuries “separate from the workers’[-]compensation benefits”; (2)
Metro exceeded its legal authority by satisfying its subrogation interest
without a third-party recovery by Russell; and (3) neither Metro nor any of its
representatives were entitled to collect attorney’s fees based on the
settlement.  

Metro moved to dismiss
for lack of jurisdiction, arguing primarily that governmental immunity bars
Russell’s claims.  The trial court granted Metro’s plea to the jurisdiction
without specifying the grounds for its ruling and denied Russell’s request to
amend her pleadings.  Russell brings this interlocutory appeal.  

On appeal, Metro argues
Russell failed to demonstrate any provision under which the legislature waived governmental
immunity as to her tort claims against Metro.  Furthermore, Metro argues
dismissal was proper because Russell failed to give pre-suit notice as the
Texas Tort Claims Act requires.  Although Russell couches her claims as
requests for declaratory relief, Metro argues they can be “easily recognized as
a transparent attempt to seek Metro’s partial recovery of its lien and to
recover attorney’s fees.”  Therefore, Metro maintains, dismissal was also proper
because “private parties cannot circumvent sovereign immunity from suit by characterizing
a suit for money damages as a declaratory[-]judgment claim.”  Finally, Metro
argues that to the extent immunity is not implicated in Russell’s claims, her
requests for declaratory relief are not justiciable and therefore not proper
under the Uniform Declaratory Judgments Act.  

Russell argues in
response that her suit does not allege tort claims, money damages, or seek an
award of attorney’s fees against Metro, and therefore she was not required to
plead a clear and express waiver of governmental immunity, nor was she required
to give Metro pre-suit notice under the Tort Claims Act.  Russell maintains her
claims do not sound in tort but are limited to declaratory relief seeking an
interpretation of applicable Labor Code statutes and a determination of the
parties’ rights, and therefore governmental immunity is not implicated. 
Alternatively, Russell argues governmental immunity has been waived in cases
seeking an interpretation of the sections of the Labor Code pertaining to her
claim.  

II

Sovereign immunity
defeats a trial court’s subject-matter jurisdiction.  Tex. Dep’t of Parks
and Wildlife v. Miranda, 133 S.W.3d 217, 225–26 (Tex. 2004); Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  In Texas, a
governmental unit is immune from tort liability unless the legislature has
waived immunity or the governmental unit consents to the suit.  Miranda,
133 S.W.3d at 224 (discussing consent to suit); Dallas County Mental Health
& Mental Retardation v. Bossley, 968 S.W.2d 339, 341–42 (Tex. 1998)
(discussing legislative waiver of immunity).  Therefore, whether a governmental
unit is immune from liability for a particular claim depends entirely upon
statute.  Bossley, 968 S.W.2d at 341.  The Tort Claims Act, for
instance, provides a limited waiver of sovereign immunity, which allows suits
to be brought against governmental units only in narrowly defined
circumstances.  See Tex. Civ. Prac. & Rem. Code §§ 101.001–.109; Tex.
Dep’t. of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  

The existence of
subject-matter jurisdiction is a question of law, and we review de novo a trial
court’s ruling on a plea to the jurisdiction.  See State v. Holland, 221
S.W.3d 639, 642 (Tex. 2007); Miranda, 133 S.W.3d at 226.  The plaintiff
bears the burden of affirmatively proving the trial court has subject-matter
jurisdiction over a case.  Brazoria County v. Van Gelder, 304 S.W.3d
447, 451 (Tex. App.—Houston [14th Dist.] 2009, pet. filed).  A defendant may
file a plea to the jurisdiction, which is a dilatory plea that challenges the
court’s authority to determine the subject matter of the action.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  

Much like the
summary-judgment standard, when reviewing a trial court’s ruling on a plea to
the jurisdiction we indulge every reasonable inference and resolve all doubts
in favor of the non-movant.  See id.  In doing so, we consider the facts
alleged in the petition and, to the extent relevant to the jurisdictional issue,
any evidence submitted by the parties to the trial court.  See id. at
555.  If a plaintiff pleads facts that affirmatively demonstrate an absence of
jurisdiction and the jurisdictional defect is incurable, then the cause is
properly dismissed.  Peek v. Equip. Serv. Co. of San Antonio, 779 S.W.2d
802, 805 (Tex. 1989).  However, when the plaintiff fails to plead facts that
establish jurisdiction, but the petition does not affirmatively demonstrate
incurable defects in jurisdiction, the issue is one of pleading sufficiency,
and the plaintiff should be afforded the opportunity to amend.  County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  

III

A

Metro employees are
provided workers’-compensation coverage under chapter 504 of the Texas Labor
Code.  Chapter 417 of the Labor Code, which governs third-party liability in
workers’-compensation cases, is expressly included in the coverage provided to
Metro employees by chapter 504.  See Tex. Lab. Code § 504.002(a)(9). 
Chapter 417 permits a covered employee to pursue a third-party lawsuit against
the responsible third party.  Tex. Lab. Code § 417.001(a).  In such cases, the
insurance carrier (Metro)[2]
is subrogated to the rights of the employee for any benefits paid up to the
amount of the total benefits paid by the carrier less the amount by which the
court reduces the judgment based on the percentage of responsibility determined
by the trier of fact under section 33.003 of the Civil Practices and Remedies
Code that is attributable to the employer.  See Tex. Lab. Code §
417.001(b).  Chapter 417 permits the carrier to “enforce the liability of the
third party in the name of the injured employee.”  Id.  

In this case, Metro
pursued and satisfied its subrogation interest against a third-party, Sais,
before Russell sued Sais.  Therefore, there was no opportunity for Metro’s
subrogation interest to be proportionately reduced by a fact finder’s
determination of Metro’s potential responsibility for the accident under
section 417.001(b) of the Labor Code.  Furthermore, because Russell had not
attained a third-party recovery from Sais in which Metro’s interests were not
actively represented, there was no basis for an award of attorney’s fees under section
417.003 of the Labor Code.  Additionally, Russell argues that the release of
claims signed by Metro as part of its settlement with American Century arguably
released Russell’s third-party claims against Sais.  

For ease of discussion,
we organize Russell’s ten requested grounds for declaratory relief into three
categories: (1) grounds seeking a declaration that Metro acted outside its
statutory authority by satisfying its statutory lien before Russell could
attain a third-party recovery; (2) grounds seeking a declaration that the
release signed by Metro is not binding against Russell; and (3) grounds seeking
a declaration that Metro is not entitled to attorney’s fees.  

B

In grounds A, B, F, and
H, Russell seeks declarations that Metro acted outside its statutory authority
under chapter 417 of the Labor Code.  In ground A, Russell states that “[Metro]
is not entitled to recover or retain any of its subrogation interest because
there was no third-party recovery by a claimant, [Russell], as stipulated in Texas
Labor Code § 417.002(a).”  In ground B, Russell alleges that “[Metro] did not
have legal authority to disregard [Russell’s] right to have the percentage of
[Metro’s] responsibility determined and its subrogation interested reduced
accordingly, pursuant to § 417.001(b).  Under ground F, Russell states that
“[Metro] is not entitled to recover any of its subrogation lien because no
lawsuit was filed against the third party that caused [Russell’s] injuries and
damages, as required by § 417.001(b) of the Texas Labor Code.”  And in ground H,
Russell asserts that “Texas Labor Code § 417.001(b) does not authorize an
insurance carrier to recover medical benefits paid on or behalf of an employee
as part of its subrogation interest.”  

The purpose of Russell’s
arguments in grounds A, B, F, and H is to obtain a particular interpretation of
the applicable provisions of the Labor Code and a finding that Metro acted
outside its statutory authority.  The Uniform Declaratory Judgments Act (DJA)
expressly provides that persons may challenge or seek a construction of
ordinances or statutes.  See Tex. Civ. Prac. & Rem. Code § 37.004; Texas
Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994).  Similarly, declaratory-judgment
actions by private parties seeking to determine their rights under a statute
are not suits against the State because they do not attempt to impose liability
upon the State.  See Tex. Natural Res. Conservation Comm’n v. IT-Davy,
74 S.W.3d 849, 855 (Tex. 2002).  Such declaratory-judgment actions do not implicate
the doctrine of sovereign immunity.  Id.  Because sovereign immunity is
not implicated, legislative consent to sue is not required.  County of
Galveston v. Tolle, 176 S.W.3d 859, 862 (Tex. App.—Houston [1st Dist.]
2005, pet. denied).  

Nevertheless, it is
well-settled that private parties cannot circumvent immunity by characterizing
a suit for money damages as a declaratory-judgment claim.  City of El Paso
v. Heinrich, 284 S.W.3d 366, 371 (Tex. 2009) (quoting IT-Davy, 74
S.W.3d at 856).  The supreme court has held that such a circumvention occurs
when the only conceivable remedy for a favorable declaratory judgment against a
governmental entity is money damages.  City of Houston v. Williams, 216
S.W.3d 827, 828–29 (Tex. 2007) (per curiam).  In Williams, a group of
retired firefighters sued the City of Houston over amounts deducted from
payments they received upon termination.  Id. at 828.  The firefighters
sought declaratory relief that required an interpretation of state law to
determine to what payment the firefighters were entitled.  See id. 
Citing IT-Davy, the supreme court held that because the only injury the
firefighters alleged had already occurred, they were left with “only one
plausible remedy—an award of money damages.”  Id. at 829.  And because
the firefighters did not assert any right to future payments, they lacked
standing to seek a statutory interpretation on behalf of currently employed
firefighters.  Id.  The Williams court also reiterated that “if
the sole purpose of [a declaratory judgment] is to obtain a money judgment,
immunity is not waived.”  Id.; see also Tex. Logos, L.P. v. Tex.
Dep’t of Transp., 241 S.W.3d 105, 121–22 (Tex. App.—Austin 2007, no pet.)
(citing Williams in holding that “[a]n otherwise-proper declaratory claim
alleging statutory violations may nonetheless have the effect of establishing a
right to a remedy that is barred by sovereign immunity”).  

The holding in Williams
governs grounds A, B, F, and H.  The firefighters in Williams sought
a statutory interpretation that would show they had been denied full payments. 
Likewise, Russell seeks a statutory interpretation establishing Metro
wrongfully satisfied its subrogation lien before Russell could attain a
third-party recovery.  And, just as the firefighters in Williams claimed
the city retained money to which it was not entitled, the gist of Russell’s
contentions is that Metro has attained $25,000 to which it is not fully
entitled.  Furthermore, just as the retired firefighters in Williams had
no standing to seek a statutory interpretation for prospective relief because
their alleged injury had already occurred and was not capable of repetition,
Russell does not and cannot argue she will suffer from Metro repeating its
course of action, as Metro’s subrogation lien can be satisfied only once.  Finally,
just as in Williams there was no plausible remedy the declaratory
judgment could recommend other than money damages against an immunized
governmental entity, here there is no relief a declaratory judgment can offer
Russell that does not simply lay the predicate for a damages claim against
Metro.[3] 
See Williams, 216 S.W.3d at 828–29; see also Castro v. McNabb,
319 S.W.3d 721, 733 (Tex. App.—El Paso 2009, no pet.) (holding plaintiff may
not re-shape pleadings to support jurisdiction in an effort to use a petition
for declaratory relief to establish a critical element in threatened tort
causes of action).  

Russell goes to great
effort in her briefing to insist she does not seek money damages, or even
attorney’s fees based on section 417.003 of the Labor Code, as part of her
requested declaratory relief.  Rather, she insists she seeks only a
“determination of the parties’ respective rights.”  But the rule established by
Williams dictates that our governmental-immunity analysis does not end just
because a request for declaratory relief does not on its face include a request
for money damages.  We must further ask what would be the “conceivable remedy”
of a judgment favorable to Russell.  Williams, 216 S.W.3d at 828. 
Because the only conceivable remedy as to grounds A, B, F, and H would be money
damages, governmental immunity bars declaratory relief on these grounds.  The
trial court properly granted Metro’s plea to the jurisdiction on grounds A, B,
F, and H.  

C

In grounds C and D,
Russell respectively seeks a declaration that Metro “did not have the right to
release all of [Russell’s] rights against Sais, and could only release an
amount equal to the amount of the settlement, $25,000” and that the release
“does not prohibit [Russell] from suing [Sais] for pain and suffering, mental
anguish, physical impairment, disfigurement, and any other damages separate
from the workers’[-]compensation benefits paid by [Metro].”

A declaratory judgment
is appropriate only if a justiciable controversy exists concerning the rights
and status of the parties and the controversy will be resolved by the declaration
sought.  Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995); WesternGeco,
L.L.C. v. Input/Output, Inc., 246 S.W.3d 776, 781 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  For a justiciable controversy to exist, there must be a
real and substantial controversy involving a genuine conflict of tangible
interests and not merely a theoretical dispute.  Bonham State Bank, 907
S.W.2d at 467; WesternGeco, L.L.C., 246 S.W.3d at 781.  A justiciable
controversy must be distinguished from an advisory opinion, which is prohibited
under both the Texas and federal constitutions.  Texas Ass’n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993).  

Grounds C and D present
no justiciable controversy.  Neither Sais nor Metro has argued the release is
binding as to any claim brought by Russell against Sais.  For its part, Metro
has affirmatively stated in its pleadings, both to the trial court and to this
court, that the document does not release Russell’s claims against Sais.  Because
no party other than Russell suggests the document can be interpreted to release
Russell’s claims against Sais, no actual controversy exists between the
parties; the requested declaratory relief would amount to an advisory opinion. 
See Tex. Air Control Bd., 852 S.W.2d at 444.  Because the trial court
lacked jurisdiction under the Uniform Declaratory Judgment Act to consider
Russell’s grounds C and D for declaratory relief, the trial court properly
granted Metro’s plea to the jurisdiction on these two grounds. 

D

In grounds E, G, I, and
J, Russell seeks declarations related to an award of attorney’s fees under section
417.003, which provides for attorney’s fees for representation of an insurance
carrier’s interest.  Russell argues in ground E that “[Metro’s] attorney, Dean
Pappas, did not actively represent Metro in obtaining the third-party recovery,
therefore, awarding a portion of the attorney fee to Metro’s attorney is not
authorized pursuant to § 417.003(c) of the Texas Labor Code.”  Under ground G,
Russell maintains that “[Metro’s] non-attorney may not recover attorney fees
for herself or her employer, under Texas Labor Code § 417.003(c), for
recovering the subrogation interest of an insurance carrier from a third party
or third party insurer.”  In ground I, Russell insists that “Texas Labor Code §
417.003(c) does not authorize [Metro] to recover attorney fees.  And under ground
J, Russell argues that “[Metro] is not entitled to recover attorney fees under
Labor Code § 417.003(c) since there was no recovery by [Russell] in a
third-party action pursuant to § 417.003(c).”  

None of these grounds
concern justiciable claims.  There is no evidence in the record, and no party
contends, that attorney’s fees were awarded to Metro’s attorney, Dean Pappas,
or Metro’s non-attorney representative, Carolee Doughman.  There is furthermore
no evidence that Metro now seeks an award of attorney’s fees based on the
$25,000 settlement, or that any portion of the settlement represents an award
of attorney’s fees.  There is no basis under section 417.003 for awarding
attorney’s fees absent a third-party action in which Metro was not represented. 
Accordingly, there exists no actual controversy between Russell and Metro as to
attorney’s fees.  See Bonham State Bank, 907 S.W.2d at 467; WesternGeco,
L.L.C., 246 S.W.3d at 781.  Because the trial court lacked jurisdiction
under the Uniform Declaratory Judgment Act to consider Russell’s grounds E, G,
I, and J for declaratory relief, the plea to the jurisdiction was properly
granted as to those grounds.  

IV

Russell argues in the
alternative that immunity has been waived for claims concerning sections
417.001–.003 of the Texas Labor Code.  Russell argues there are “numerous
apportionment and subrogation cases involving governmental entities” interpreting
the relevant sections of the Labor Code, and “[n]one have been dismissed for
lack of jurisdiction.”[4]


The parties agree the
Tort Claims Act does not waive immunity for any of Russell’s claims.[5]  Russell instead pleaded
in his petition that immunity had been waived under chapters 401, 417, and 504
of the Labor Code.  Russell does not argue any of these sections contain an
express waiver of immunity.  Instead, she suggests we find that the statutory
scheme established under these chapters impliedly waives immunity for her claims. 
She relies on the supreme court’s decision in City of La Porte v. Barfield,
in which the court held that “[t]he rule requiring a waiver of governmental
immunity to be clear and unambiguous cannot be applied so rigidly that the
almost certain intent of the Legislature is disregarded.”  898 S.W.2d 288, 292
(Tex. 1995).  In Barfield, the supreme court concluded immunity for
political subdivisions had been waived for retaliatory-discharge claims under chapter
451 of the Labor Code, although no express waiver was included in the statutory
language. The supreme court reasoned that the addition of an
election-of-remedies provision in chapter 504 of the Labor Code, which
prohibited a plaintiff from suing under both the Anti-Retaliation Law and the
Whistleblower Act, would have been unnecessary had the legislature not intended
to waive immunity for retaliatory-discharge claims.  See id. at 298.[6]  Russell cites University
of Texas Health Science Center at San Antonio v. Mata & Bordini, Inc.,
2 S.W.3d 312 (Tex. App.—San Antonio 1999, pet. denied), for the proposition
that immunity has been waived as to grounds A, B, E, F, G, H, I, and J of her
request for declaratory judgment.  In Mata, the San Antonio Court of Appeals
relied on the supreme court’s rationale in Barfield in holding the state
was not immune from actions seeking an apportionment of attorney’s fees under section
417.003 of the Labor Code.  Id. at 316–17.

We note initially that
if we were to follow Mata and hold immunity has been waived for
apportionment actions under section 417.003, immunity potentially would be
waived only as to Russell’s grounds E, G, I, and J, which specifically address
the apportionment of attorney’s fees.  This is because the waiver recognized in
Mata is much more limited than the scope of the declarations Russell
seeks in this case.  We need not decide, however, whether immunity is waived as
to any of these grounds because Russell has not sought an award of attorney’s
fees, and therefore has not sought the relief for which the Mata court
found immunity had been waived.  Unlike Mata, in which a party
specifically sought an award of attorney’s fees, Russell seeks only a declaration
that Metro and its representatives are not entitled to
attorney’s fees.  Cf. Mata, 2 S.W.3d at 315.  As previously noted,
however, there is no evidence Metro has been awarded or seeks attorney’s fees. 
Therefore, the trial court properly dismissed those grounds for declaratory
judgment because it was not presented with an actual controversy between the
parties, and any judgment would amount to an impermissible advisory opinion.  See
Bonham State Bank, 907 S.W.2d at 467; WesternGeco, L.L.C., 246
S.W.3d at 781.  Absent a request by Russell for attorney’s fees under section
417.003, Mata does not apply.  We therefore do not address under what
circumstances, if any, immunity is waived for apportionment actions under section
417.003.  We simply conclude that, by not seeking an award of attorney’s fees,
Russell has not sought the relief that would potentially be available if this
court followed Mata and found a statutory waiver of immunity for
apportionment actions under section 417.003.  

Although we do not reach
an analysis of whether immunity has been waived for apportionment actions under
section 417.003 of the Labor Code, we note that the supreme court’s recent decision
in Travis Central Appraisal District v. Norman, No. 09-0100, 2011 WL
1652133 (Tex. Apr. 29, 2011) that immunity is no longer available for
retaliatory-discharge claims would seem to apply equally to an inquiry of
whether immunity is waived for apportionment actions under section 417.003 of
the Labor Code.  In Mata, the court found a waiver for apportionment
actions because chapter 503 of the Labor Code, which sets out a workers’-compensation
scheme for University of Texas employees, expressly included chapter 417.  Mata,
2 S.W.3d at 317; see also Tex. Lab. Code § 503.002(a)(9).  In this case,
Russell argues that chapter 504, which sets out a workers’-compensation scheme
for employees of political subdivisions, also expressly includes chapter 417 of
the Labor Code and, therefore, the rationale behind Mata would apply
here.  See Tex. Lab. Code § 504.002(a)(9).  But chapter 504 now includes
§ 504.053(e): “Nothing in this chapter waives sovereign immunity . . . .”  This
provision, added by the legislature in 2005, led the supreme court to conclude in
Travis Central Appraisal District that chapter 504 no longer supports
waiver under the Barfield standard.  Travis Cent. Appraisal Dist.,
2011 WL 1652133, at *5; Tex. Lab. Code § 504.053(e).  Accordingly, even if we
concluded Russell sought relief that would warrant a waiver analysis, it
appears the supreme court has foreclosed the potential for further waivers of
immunity under the current formulation of chapter 504 of the Labor Code.  

V

            Lastly,
Russell argues that the trial court erred in dismissing her claim without
allowing an opportunity to amend her pleadings.  A plaintiff deserves “a
reasonable opportunity to amend” unless the pleadings affirmatively negate the
existence of jurisdiction.  Texas A & M Univ. Sys. v. Koseoglu, 233
S.W.3d 835, 839 (Tex. 2007); Harris County v. Sykes, 136 S.W.3d 635, 639
(Tex. 2004); TRST Corpus, Inc. v. Fin. Ctr. Inc., 9 S.W.3d 316, 320
(Tex. App.—Houston [14th Dist.] 1999, pet. denied).  

Nevertheless, based on
the reasoning above, we conclude that Russell’s pleadings have affirmatively
negated any possible theory upon which jurisdiction could be based.  Russell’s
grounds that are barred by governmental immunity cannot be re-pleaded to avoid
immunity because there is no prospective relief available to Russell other than
a judgment that would lay the predicate for a damages claim.  See Williams,
216 S.W.3d at 828–29.  Nor can Russell change the facts that render her
remaining grounds not justiciable.  As long as there is no dispute that the
release between Metro and American Century is not binding on Russell, and Metro
and its representatives have not been awarded and do not seek attorney fees
based on section 417.003 of the Labor Code, there is no way in which Russell
could re-plead her claims to confer jurisdiction on the trial court.  See Bonham
State Bank, 907 S.W.2d at 467; WesternGeco, L.L.C., 246 S.W.3d at
781.  The trial court therefore did not err in refusing Russell an opportunity
to further amend her pleadings.  

 

* * *

For the
foregoing reasons, we affirm the trial court’s judgment.  

 

 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

 

 

Panel consists of Justices
Brown, Boyce, and Jamison

 

 









[1] Sais was allegedly
traveling the wrong way down the Interstate 45 High-Occupancy Vehicle (“HOV”)
lane when the accident occurred.  Russell alleges that Metro potentially bears
proportionate responsibility for the accident because (1) Metro controls access
to the HOV lane, and (2) Metro failed to repair or maintain the gate at the
entrance to the HOV lane where Sais gained access.  





[2] The term “insurance
carrier” is defined to include “a governmental entity that self-insures, either
individually or collectively,” such as Metro.  See Tex. Lab. Code §
401.011(27)(D). 





[3] Russell points us to
several cases in which declaratory-judgment actions related to determining
parties’ rights under a statute or ordinance were held not to implicate
governmental immunity.  See, e.g., Leeper, 893 S.W.2d at 446
(holding a declaratory-judgment action was proper to construe compulsory school
attendance law and did not implicate governmental immunity); Tex. Highway
Comm’n v. Tex. Ass’n of Steel Importers, Inc., 372 S.W.2d 525, 530–31 (Tex.
1963) (holding governmental immunity was not implicated in a
declaratory-judgment action seeking an interpretation of a competitive bidding
statute as applied to the highway commission’s policy of requiring all
materials furnished under contracts be manufactured in the United States); Cobb
v. Harrington, 144 Tex. 360, 366, 190 S.W.2d 709, 712 (1945) (holding
governmental immunity not implicated and a declaratory-judgment action proper
to seek determination of whether plaintiffs were “motor carriers” for purposes
of tax statute).  But in all the cases Russell relies upon for this point, the
trial court provided prospective relief by interpreting the statutes in
question.  Each court was able to do so because each controversy represented an
ongoing dispute rather than a single, past injury that could be remedied only
by an award of money damages.  Cf. Williams, 216 S.W.3d at 828–29.  





[4] In each of the reported
cases Russell cites, however, the governmental entity challenged an award
of attorney’s fees out of its subrogated interest.  See Univ. of Tex. at
Arlington v. Bishop, 997 S.W.2d 350 (Tex. App.—Fort Worth 1999, pet.
denied); State of Texas v. Lloyd, 994 S.W.2d 362 (Tex. App.—Waco 1999,
no pet.); Tex. Dep’t of Transp. v. Wilson, 980 S.W.2d 939 (Tex.
App.—Fort Worth 1998, pet. denied); City of Austin v. Janowski, 825
S.W.2d 786 (Tex. App.—Austin 1992, no writ); Univ. of Tex. Sys. v. Melchor,
696 S.W.2d 406 (Tex. App.—Houston [14th Dist.] 1985, no writ); Metro.
Transit. Auth. v. Plessner, 682 S.W.2d 650 (Tex. App.—Houston [1st Dist.]
1984, no writ).  A governmental entity’s ability to appeal a reduction of
attorney’s fees from its subrogated interest for attorney’s fees does not
support Russell’s argument, which is that immunity has been has been generally
waived in claims “regarding the application of” sections 417.001–.003 of the
Labor Code.   





[5] Because the parties agree
that the Tort Claims Act does not grant jurisdiction over Russell’s claims, we
do not reach Metro’s argument that pre-suit notice was required but not filed
in this case.  See Tex. Civ. Prac. & Rem. Code § 101.101.  





[6] While this case was
pending before our court, the supreme court revisited the issue of immunity
against retaliatory-discharge claims in Travis Cent. Appraisal Dist. v.
Norman, No. 09-0100, 2011 WL 1652133 (Tex. Apr. 29, 2011).  The court
concluded that the Legislature’s 2005 addition of a no-waiver provision to
chapter 504 had rendered the statute “too internally inconsistent” to serve as
a clear and unambiguous waiver of governmental immunity and found that Barfield
no longer controls.  Travis Cent. Appraisal Dist., 2011 WL 1652133,
at *5.